# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BLAINE PARFAIT**                                   **CIVIL ACTION**

**VERSUS**                                           **NO. 21-2152**

**SWIFTSHIPS, LLC**                                  **SECTION: D (3)**

## ORDER AND REASONS

Before the Court is a Motion to Amend Order and Reasons (Doc. 86) to Include Certification for Immediate Appeal Under 28 U.S.C. § 1292(b), filed by defendant, Swiftships, LLC ("Swiftships").[1]  Plaintiff, Blaine Parfait, opposes the Motion,[2] and Swiftships has filed a Reply.[3]

 After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

In this maritime personal injury case, Parfait alleges that he was injured while working as a painter/foreman for Coating Services, Inc. aboard a vessel that was docked at a shipyard owned and operated by Swiftships.  Parfait alleges that when he was below deck inspecting a paint job, a Swiftships employee opened a hatch in the deck that leads to the bilge and left the hatch open without providing any warnings or placing barricades around it to prevent someone from falling into the

---

[1] R. Doc. 93.
[2] R. Doc. 96.
[3] R. Doc. 97.
[4] The factual and procedural background of this case is set forth in great detail in the Court's September 3, 2024 Order and Reasons (R. Doc. 86) and, for the sake of brevity, will not be repeated here.

hatch. Parfait claims that as he conducted his inspection, he fell into the open hatch and injured his neck as he fell into the bilge below. Parfait subsequently sued Swiftships for negligence for, among other things, failing to warn of the open hatch.[5]

Pertinent to the instant Motion, Swiftships filed a Motion for Summary Judgment, asserting that Parfait could not establish that Swiftships owed a duty to warn him of the open hatch because it was an open and obvious condition.[6] After careful consideration of the parties' memoranda, the Court denied that Motion, finding that Swiftships had failed to cite any legal authority to support its position that Swiftships, a third-party, non-vessel owner, had no duty to warn Parfait of an open and obvious condition.[7] The Court also found that there was a genuine dispute regarding whether Swiftships' duty to exercise ordinary care under the circumstances included a duty to warn Parfait of the open hatch into which he fell.[8]

In the instant Motion, Swiftships seeks to modify the Court's Order and Reasons denying its Motion for Summary Judgment to include a certificate of appealability under 28 U.S.C. § 1292(b).[9] Swiftships asserts that in its Motion for Summary Judgment, it had argued by way of analogy that the general maritime rule that a vessel owner does not have a duty to warn of an open and obvious condition should be extended to a non-vessel owner like Swiftships based on the circumstances in this case.[10] Swiftships now argues that the issue of whether a third party, non-

---

[5] R. Doc. 1.
[6] R. Doc. 51.
[7] R. Doc. 86.
[8] *Id.*
[9] R. Doc. 93.
[10] R. Doc. 93-1 at p. 1.

vessel owner has a duty to warn of an open and obvious condition aboard a vessel involves a controlling question of law as to which there is substantial ground for difference of opinion.[11]  Swiftships asserts that there is a substantial ground for difference of opinion regarding whether a third party, non-vessel owner has a duty to warn of an open and obvious condition because it is a novel issue of first impression in the Fifth Circuit.[12]  Finally, Swiftships asserts that an immediate appeal of this Court's Order and Reasons may materially advance the termination of the litigation because a decision on appeal will either terminate the litigation or provide clarity regarding the jury instructions on Swiftships' duty of care.[13]

Parfait argues that the Motion should be denied because the Court's interlocutory order does not involve a controlling question of law, there is no substantial ground for difference of opinion as to the question of law, and an immediate appeal will not materially advance the ultimate termination of the litigation.[14]  As to each of these issues, Parfait asserts that, even if the Fifth Circuit accepts the case on interlocutory appeal, a ruling that Swiftships had no duty to warn Parfait of an open and obvious condition will not resolve the factual question of whether the hatch was an open and obvious condition.[15]  To that end, Parfait contends that, "Where . . . the controlling issues are questions of fact or, more precisely, questions as to whether genuine issues of material fact remain to be tried,

---

[11] Id. at pp. 2 & 6–11.
[12] Id. at pp. 6–7 (citing ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union, 22 F.4th 1125, 1130 (9th Cir. 2022); In re Heddendorf, 263 F.2d 887, 889 (1st Cir. 1959); Louisiana State Conf. of Nat'l Ass'n for the Advancement of Colored People v. Louisiana, 495 F. Supp. 3d 400, 414 (M.D. La. 2020)).
[13] R. Doc. 93-1 at pp. 11–12.
[14] R. Doc. 96.
[15] Id. at pp. 6, 8, & 9.

the federal scheme does not provide for an immediate appeal . . . ."[16]  Parfait further asserts that, "maritime law is otherwise settled as to whether Swiftships owed a duty 'to exercise ordinary care under the circumstances included a duty to warn Parfait of the open hatch.'"[17]

In response, Swiftships maintains that the issue of whether a third party, non-vessel owner owes a duty under general maritime law to warn an experienced worker of an open and obvious condition aboard a vessel does not require a sifting of the evidence because the question of whether a condition is open and obvious only becomes relevant if Swiftships does have a duty to warn of an open and obvious condition.[18]  Swiftships disputes Parfait's assertion that an interlocutory appeal from an order denying summary judgment is not proper because triable issues of fact remain, and further argues that while interlocutory appeals are "exceptional," that is not a basis for denying the relief requested.[19]  Swiftships maintains that its Motion should be granted and that the Court's Order and Reasons should be amended to include the certification language required by 28 U.S.C. § 1292(b) for an immediate interlocutory appeal of the controlling issue of law.

## II.    LEGAL STANDARD

Swiftships moves for the Court to certify its prior order for immediate appeal

---

[16] *Id.* at p. 4 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991)) (internal quotation marks omitted).
[17] R. Doc. 96 at p. 8 (*quoting* R. Doc. 86 at pp. 12–15).
[18] R. Doc. 97 at pp. 1–2.
[19] *Id.* at pp. 2–3.

pursuant to 28 U.S.C. § 1292(b).  That section provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.[20]

Accordingly, a district court may certify an order for appeal only when: (1) the order from which the appeal is taken involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question of law; and (3) an immediate appeal from the order will materially advance the ultimate termination of the litigation.[21]  "A district court cannot certify an order for interlocutory appeal unless all three criteria are present."[22]

As succinctly stated by the Fifth Circuit, "Section 1292(b) appeals are exceptional."[23]  The Fifth Circuit has held that, "Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed."[24]  Further, "§1292(b) is not a vehicle to question the correctness of a district court's ruling or to

---

[20] 28 U.S.C. § 1292(b).

[21] *Grand Isle Shipyards, Inc. v. Black Elk Energy Offshore Operations, LLC*, Civ. A. Nos. 15-129 c/w 15-154; 15-153; 15-905; 19-11825; 19-11826; 19-11827, 2021 WL 1023050, at *2 (E.D. La. Mar. 17, 2021) (Vitter, J.).

[22] *Napoleon v. Shows, Cali & Walsh, LLP*, Civ. A. No. 20-1775, 2022 WL 721560, at *4 (E.D. La. Mar. 10, 2022) (Lemelle, J.) (quoting *La. State Conf. of the Nat'l Ass'n for the Advancement of Colored People v. Louisiana*, 495 F. Supp. 3d 400, 410 (M.D. La. 2020)) (internal quotation marks omitted).

[23] *Clark-Dietz and Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

[24] *Fannie Mae v. Hurst*, 613 Fed.Appx. 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)) (internal quotation marks omitted).

obtain a second, more favorable opinion."[25]  The decision to allow an interlocutory appeal "is firmly within the district court's discretion."[26]  "The moving party bears the burden of establishing that interlocutory appeal is appropriate."[27]

## III.    ANALYSIS

### A. Controlling Question of Law and Materially Advancing the Termination of Litigation

"Courts have found the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation."[28]  The Court will therefore consider the requirements together.  "A controlling question of law is 'one "that would require reversal on appeal from a final judgment or would materially affect the outcome of the case."'"[29]  Similarly, the requirement that an interlocutory appeal advance the termination of the litigation "is met when resolution of a

---

[25] *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (citing *McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004)).  *See Ictech-Bendeck v. Waste Connections Bayou, Inc.*, Civ. A. Nos. 18-7889 c/w 18-8071, 18-8218, 18-9312 & 19-11133 c/w 19-14512, 2023 WL 3641949, at *2 (E.D. La. Feb. 2, 2023) (Morgan, J.) (quoting *Gulf Coast Facilities Mgmt, LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010)) (internal quotation marks omitted) ("Interlocutory appeals are 'exceptional' and should not be granted ' "simply to determine the correctness" of a ruling.").

[26] *Ryan*, 444 F. Supp. 2d at 722 (citing *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n.9, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (Ginsburg, J., dissenting)).

[27] *Ictech-Bendeck*, Civ. A. No. 18-7889 c/w 18-8071, 2023 WL 3641949 at *2 (citing *U.S. ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 812 (E.D. La. 2009)).

[28] *Grand Isle Shipyards, Inc. v. Black Elk Energy Offshore Operations, LLC*, Civ. A. Nos. 15-129 c/w 15-154; 15-153; 15-905; 19-11825; 19-11826; 19-11827, 2021 WL 1023050, at *4 (E.D. La. Mar. 17, 2021) (quoting *Ryan,* 444 F. Supp. 2d at 724) (internal quotation marks omitted).

[29] *Ictech-Bendeck*, Civ. A. No. 18-7889 c/w 18-8071, 2023 WL 3641949 at *3 (quoting *Adams v. Walker*, Civ. A. No. 20-2794, 2022 WL 457821, at *2 (E.D. La. Feb. 15, 2022) (Milazzo, J.)).

controlling legal question would serve to avoid trial or substantially shorten litigation."[30]

The Court finds that an interlocutory appeal of its prior Order and Reasons would not materially affect the outcome of the case, avoid trial, or substantially shorten the litigation, and would merely delay a resolution of the case. In its Motion, Swiftships asserts that the issue for interlocutory appeal is "whether a third party, non-vessel owner owes a duty under general maritime law to warn an experienced worker of an open and obvious condition existing aboard a vessel."[31] While Swiftships' framing of this issue involves a question of law,[32] the Court agrees with Parfait that it does not involve a controlling question of law. Swiftships argues that the issue is a controlling question of law "because if there is no duty to warn of an open and obvious condition, then Swiftships cannot be held liable to Mr. Parfait as a matter of law."[33] The Court rejects that argument as meritless.

As Parfait correctly points out, even if the Fifth Circuit accepted this case on interlocutory appeal and determined that Swiftships *did not* have a duty to warn "an experienced worker" of an open and obvious condition, it would have to remand the matter to this Court for a determination regarding whether Parfait is "an experienced worker" and, more importantly, whether the condition at issue was "open and

---

[30] *Grand Isle*, Civ. A. Nos. 15-129 c/w 15-154, 2021 WL 1023050 at *4 (quoting *Clark Constr. Grp, Inc. v. Allglass Sys., Inc.*, Civ. A. No. DKC 2002-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005) (Chasanow, J.)) (internal quotation marks omitted).

[31] R. Doc. 93-1 at pp. 5, 6, & 12.

[32] *See* R. Doc. 86 at p. 8 (citing *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 211 (5th Cir. 2010)) ("The determination of the tortfeasor's duty is a question of law.").

[33] R. Doc. 93-1 at p. 5. *See Id.* at p. 11 ("As discussed above, if Swiftships owed no duty to Mr. Parfait to warn him of an open and obvious condition, then Swiftships cannot have been negligent as a matter of law because Mr. Parfait would be unable to prove the duty element of his claim for negligence.").

obvious." In ruling on Swiftships' prior Motion for Summary Judgment, the Court determined that there was an ambiguity in the deposition testimony regarding whether Erik Guillory, Swiftships' employee, was blocking Parfait's view of the open hatch into which he fell.[34] As such, if the Fifth Circuit were to remand the matter to this Court to determine whether the open hatch was an open and obvious condition, factual issues would remain which would have to be decided by the jury as factfinder.

Further, if the Fifth Circuit determines that Swiftships *did* have a duty to warn Parfait of an open and obvious condition, the case will return to this Court in the same procedural posture in which it currently sits. Under either scenario, the matter will proceed to trial on the factual issues and a jury will have to determine whether Swiftships, through its employee, had a duty to warn Parfait of the open hatch into which he fell. As such, the interlocutory appeal would not materially affect the outcome of the case, and would only serve to delay the trial in this matter. The Court notes that this case has been pending before the Court for three years,[35] and that the trial has been continued five times at the request of the parties.[36] The Court further finds that allowing an interlocutory appeal of this issue before trial "would fly in the face of the historic policy against piecemeal appeals."[37] Trial is set for April 7, 2025, less than five months from the date of this order, at which time the remaining outstanding issues will be resolved. Further delaying the trial by allowing piecemeal

---

[34] R. Doc. 86 at pp. 12–15.
[35] *See* R. Doc. 1.
[36] *See* R. Docs. 25, 26, 39, 40, 53, 55, 72, 77, 90, & 94.
[37] *Grand Isle Shipyards, Inc. v. Black Elk Energy Offshore Operations, LLC*, Civ. A. Nos. 15-129 c/w 15-154; 15-153; 15-905; 19-11825; 19-11826; 19-11827, 2021 WL 1023050, at *4 (E.D. La. Mar. 17, 2021) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980)).

appeals will benefit neither the parties nor the Court. Swiftships has, therefore, failed to carry its burden of proving that the interlocutory appeal involves a controlling question of law or that it would materially advance the termination of the litigation.

### B. Substantial Ground for Difference of Opinion

Because all three requirements of 28 U.S.C. § 1292(b) must be met for the Court to certify its prior Order and Reasons for immediate appeal and the Court has found that the requested interlocutory appeal does not involve a controlling question of law and will not materially advance the termination of the litigation, the Court need not address Swiftships' remaining argument regarding whether a substantial ground for a difference of opinion exists. The Court will address that argument nonetheless.

Swiftships argues that there is a substantial ground for difference of opinion regarding whether a third party, non-vessel owner owes a duty to warn of an open and obvious condition because it is a novel question of law and one of first impression in the Fifth Circuit.[38] The threshold for establishing a substantial ground for difference of opinion "is a high one."[39] Courts have found that a substantial ground for difference of opinion exists where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not

---

[38] R. Doc. 93-1 at p. 6.
[39] *Napoleon v. Shows, Cali & Walsh, LLP*, Civ. A. No. 20-1775, 2022 WL 721560, at *5 (E.D. La. Mar. 10, 2022) (quoting *La. State Conf. of the Nat'l Ass'n for the Advancement of Colored People v. Louisiana*, 495 F. Supp. 3d 400, 414 (M.D. La. 2020)) (internal quotation marks omitted).

spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.[40]

"A substantial ground for difference of opinion usually arises out of a genuine doubt as to the correct applicable legal standard relied on in the order."[41]  "Not all opinions with which counsel disagrees provide substantial grounds for a difference of opinion."[42]  "[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.  Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement."[43]

Here, Swiftships contends that a substantial ground for difference of opinion exists because there is no precedential authority from the Fifth Circuit regarding whether a third party, non-vessel owner has a duty to warn of an open and obvious hazard.[44]  Swiftships repeats the argument made in its summary judgment motion that a vessel owner has no duty to warn of an open and obvious condition and that this rule should be extended to a third party, non-vessel owner such as Swiftships.[45]  Swiftships contends that, "it is not unprecedented for a court to extend to a non-vessel owner a benefit of the law previously given to a vessel owner."[46]  Swiftships further

---

[40] *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–4 (N.D. Tex. 2006) (*quoting* 4 Am.Jur.2d *Appellate Review* § 128 (2005).  *See Sinjel, LLC v. Ohio Cas. Ins. Co.*, Civ. A. No. 3:22-cv-419-TSL-MTP, 2022 WL 22308804, at *1 (S.D. Miss. Nov. 21, 2022) (Lee, J.) (quoting *Ryan, supra*); *Napoleon*, Civ. A. No. 20-1775, 2022 WL 721560 at *5 (quoting *Ryan, supra*).
[41] *La. State Conf.*, 495 F. Supp. 3d at 414.
[42] *Grand Isle*, Civ. A. Nos. 15-129 c/w 15-154, 2021 WL 1023050 at *2.
[43] *Ryan*, 444 F. Supp. 2d at 724 (*citing* 4 Am.Jur.2d *Appellate Review* § 128 (2005); *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)) (internal citation omitted).
[44] R. Doc. 93-1 at pp. 6–7.
[45] *Id.* at pp. 8–9 (*citing* R. Doc. 51-1 at pp. 11–13 & 21–22).
[46] R. Doc. 93-1 at p. 9.

asserts that since the filing of its motion for summary judgment, it has found one district court case from the Ninth Circuit where the court held that a "third party, non-vessel owner could not be held liable to a ship repairman because the allegedly hazardous condition on the vessel—a missing handrail on a ladder—was one that was open and obvious."[47]

Swiftships has failed to persuade the Court that there is a substantial ground for difference of opinion over the controlling question of law for certification.  While Swiftships claims that one California district court has held that a third party, non-vessel owner has no duty to warn of an open and obvious hazard, Swiftships fails to mention that the district court first concluded that the third party, non-vessel owner owed "the ordinary negligence duty of reasonable care under the circumstances"[48] and that the ladder missing a handrail "did not constitute an unreasonably dangerous condition to an experienced ship repair person."[49]  Only then did the district court go on to cite a Ninth Circuit case, *Peters v. Titan Navigation Company*, which had previously held that, "the limits of negligence liability in section 905 cases against a Vessel [are] instructive on the limits of negligence liability in suits against other defendants."[50]  The district court concluded that because the plaintiff testified that he was aware of the missing handrail on the ladder prior to using it, the missing

---

[47] *Id.* at pp. 10–11 (citing *Marable v. United States*, Civ. A. No. 14-1206, 2017 WL 6541021, at *7 (S.D. Cal. Dec. 21, 2017) (Hayes, J.)).

[48] *Marable*, Civ. A. No. 14-1206, 2017 WL 6541021 at *6 (quoting *Peters v. Titan Nav. Co.*, 857 F.2d 1342, 1344 (9th Cir. 1988)) (internal quotation marks omitted).

[49] *Marable*, Civ. A. No. 14-1206, 2017 WL 6541021 at *6.

[50] *Id.* at *7 (quoting *Peters*, 857 F.2d at 1345) (internal quotation marks omitted).

handrail was an open and obvious condition and the defendant did not have a duty to warn or remedy the condition.[51]

The Court notes that while the Ninth Circuit in *Peters* found the limits of negligence liability in cases against a vessel "instructive on the limits of negligence liability in suits against other defendants,"[52] the *Peters* case did not apply that rationale to a situation involving a vessel owner's duties under *Scindia* or to an alleged open and obvious hazard. Instead, the *Peters* case involved a repair man who was injured by the very condition he was hired to repair (a faulty hydraulic system).[53] After finding that the third party, non-vessel owner defendants owed the plaintiff a duty of reasonable care under the circumstances,[54] the *Peters* court followed Fifth Circuit precedent in concluding that the district court properly granted summary judgment in favor of the defendants "because Peters was injured by the very condition he was hired to repair."[55] The Court therefore finds that its prior ruling on Swiftships' Motion for Summary Judgment is not contrary to the Ninth Circuit's decision in *Peters*. The Court further finds that Swiftships has not argued that "the circuits are in dispute" on the question of law now before the Court.[56]

---

[51] *Marable*, Civ. A. No. 14-1206, 2017 WL 6541021 at *7.

[52] *Peters*, 857 F.2d at 1345.

[53] *Id.* at 1343 (Peters, a machinist foreman, boarded the ship to inspect the hydraulic system and to determine the extent of the necessary repairs. Peters saw that the pump room housing the hydraulic system was oily and needed to be cleaned. The following day, Peters saw that the room had not been cleaned, but he and his men began the repairs anyway. After working for an hour or two, Peters went up the stairs to retrieve some cleaning rags and during his descent, he lost his footing and slid down the stairs.).

[54] *Id.* at 1344 (citing authority).

[55] *Id.* at 1344–45.

[56] *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006).

More importantly, however, and as the Court previously pointed out in its prior Order and Reasons,[57] there is precedent from the Fifth Circuit regarding whether the duties of a vessel owner, and any exceptions thereto, apply to third party, non-vessel owners. In *Couch v. Cro-Marine Transport, Inc.*, the defendant, an onloading stevedoring company, argued that it could not be held liable for the injuries of a longshoreman under maritime law because "the duty a loading stevedore owes a discharging longshoreman is equivalent to the duty a shipowner owes a longshoreman under *Scindia*," and because "its stow constituted an open and obvious condition."[58] The district court "refused to apply *Scindia*, citing crucial differences between the position of the vessel owner in relation to the discharging longshoremen and the position of the loading stevedore in relation to the discharging longshoremen."[59] The Fifth Circuit found that the district was correct "for several reasons."[60]

The Fifth Circuit first pointed out that while the plaintiff originally asserted a § 905(b) claim against the owner of the vessel, that claim had been dismissed on summary judgment, leaving only the plaintiff's general maritime law claim against the onloading stevedoring company. The Fifth Circuit explained, "*Scindia* and *Howlett* are section 905(b) cases brought against shipowners and do not support [defendant's] contention that the *Scindia* standard should apply in this case, a

---

[57] R. Doc. 86 at p. 10 (citing *Couch v. Cro-Marine Transport, Inc.*, 44 F.3d 319, 324–25 (5th Cir. 1995)).
[58] *Couch*, 44 F.3d at 324 (citing *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981)).
[59] *Couch*, 44 F.3d at 324.
[60] *Id.*

negligence suit under the general maritime law against a party other than the vessel owner."[61]  The Fifth Circuit also found that, "[t]he facts of this case give rise to an important distinction between vessel owners and stevedores," and concluded that, "based on the facts of this case, the onloading stevedore was in the best position to avoid creating a dangerous stow and therefore may be held liable for any injuries suffered by discharging longshoremen caused by its negligent stow."[62]  The Fifth Circuit ultimately concluded that, "[w]e are not persuaded by [defendant's] contention that *Scindia*'s trilogy of duties should apply to the loading stevedore/discharging stevedore or longshoreman relationship.  A review of the *Scindia* duties reinforces our conclusion that the *Scindia* duties were formulated specifically to govern section 905(b) suits between vessel owners and injured longshoremen."[63]  As explained by the Fifth Circuit, "this distinction underscores the thrust of *Scindia*, which was to prevent resuscitating, albeit under a negligence label, the unseaworthiness cause of action abolished in 1972 and *not to reformulate the general maritime law governing negligence suits brought against a party other than a vessel owner*."[64]

This Court cited *Couch* in its prior Order and Reasons and "similarly rejected[ed] Swiftships' attempt to apply *Scindia*, whether directly or by analogy, to a case involving a maritime tort suit brought by an injured longshoreman against a

---

[61] *Id.* at 325 (citing *Scindia*, 451 U.S. 156, 101 S.Ct. 1614; *Howlett v. Birkdale Shipping Co.*, 512 U.S. 92, 114 S.Ct. 2057, 129 L.Ed.2d 78 (1994)).
[62] *Couch*, 44 F.3d at 325–26.
[63] *Id.* at 326.
[64] *Id.* at 327 (emphasis added).

third party, non-vessel owner."[65]  Notably, Swiftships fails to mention *Couch* in the instant Motion.  Based on the holding in *Couch,* the Court rejects Swiftships' assertion that the issue of whether a third party, non-vessel owner has a duty to warn of an open and obvious hazard is a novel question of law and one of first impression in the Fifth Circuit.[66]  As such, the Court finds that Swiftships has failed to carry its burden of proving that there is a substantial ground for difference of opinion regarding whether a third party, non-vessel owner has no duty to warn of an open and obvious hazard.  Additionally, and importantly, the Court also refers to its earlier analysis in finding that immediate resolution of this issue would not materially advance the termination of the litigation.  Accordingly, the Court finds that Swiftships has failed to carry its burden of establishing that the factors of 28 U.S.C. § 1292(b) are satisfied and that an interlocutory appeal is appropriate.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Amend Order and Reasons (Doc. 86) to Include Certification for Immediate Appeal Under 28 U.S.C. § 1292(b), filed by defendant, Swiftships, LLC,[67] is **DENIED.**

New Orleans, Louisiana, November 20, 2024.


**WENDY B. VITTER**
**United States District Judge**

---

[65] R. Doc. 86 at p. 11.
[66] R. Doc. 93-1 at pp. 2 & 6.
[67] R. Doc. 93.